UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| WILLIAM HEITH COOK, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | No. 4:25-cv-732-CMS |
| ) | |
| RICHARD ADAMS, ) | |
| ) | |
| Respondent. ) | |

**MEMORANDUM AND ORDER TO SHOW CAUSE**

This matter comes before the Court on Petitioner William Heith Cook's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254, ECF No. 1, motion to appoint counsel, ECF No. 2, and motion to proceed *in forma pauperis*, ECF No. 3. Upon review of Petitioner's motion and the financial information submitted in support, the Court will grant Petitioner's motion to proceed *in forma pauperis*. The motion to appoint counsel will be denied. Additionally, for the reasons discussed below, the Court will order Petitioner to show cause as to why this action should not be dismissed as time-barred under 28 U.S.C. § 2244(d)(1).

**Background**

On August 9, 2018, a jury convicted Petitioner of robbery in the first degree. *State of Missouri v. Cook*, No. 18BT-CR00616 (35th Jud. Cir., Stoddard County).[1] On September 25, 2018, Petitioner was sentenced to 25 years in the Missouri Department of Corrections. On September 26, 2018, Petitioner filed a direct appeal. The Missouri Court of Appeals for the

---

[1] Petitioner's underlying state court cases were reviewed on Case.net, Missouri's online case management system. The Court takes judicial notice of these public records. *See Levy v. Ohl*, 477 F.3d 988, 991 (8th Cir. 2007) (explaining that district court may take judicial notice of public state records); and *Stutzka v. McCarville*, 420 F.3d 757, 760 n.2 (8th Cir. 2005) (stating that courts "may take judicial notice of judicial opinions and public records").

Southern District affirmed the judgment of the circuit court on November 21, 2019. *State v. Cook,* SD35735. The Court of Appeals issued the mandate on December 31, 2019.

On December 16, 2019, Petitioner filed a timely amended motion to vacate, set aside, or correct the judgment or sentence pursuant to Missouri Supreme Court Rule 29.15. *Cook v. State of Missouri*, No. 19BT-CV03055 (36th Jud. Cir., Butler County). The circuit court denied the amended motion on July 1, 2022. Petitioner filed a notice of appeal on August 8, 2022. The Missouri Court of Appeals for the Southern District affirmed the judgment of the circuit court on September 20, 2023. Petitioner did not file a motion for rehearing or a motion to transfer to the Missouri Supreme Court within the 15-day deadline, and the Court of Appeals issued the mandate on October 6, 2023. *Cook v. State*, 675 S.W.3d 722 (Mo. App. S.D. 2023).[2]

Petitioner filed the instant action on May 13, 2025. ECF No. 1-1. *See Nichols v. Bowersox*, 172 F.3d 1068, 1077 (8th Cir. 1999) (stating that "a pro se prisoner's petition for writ of habeas corpus is filed on the date it is delivered to prison authorities for mailing to the clerk of the court").

### Discussion

Petitioner has filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Having reviewed the petition and the underlying state-court actions, it appears that the petition is untimely. Therefore, Petitioner will be ordered to show cause why his petition should not be summarily dismissed as time-barred.

A. **Timeliness**

Under the Anti-Terrorism and Effective Death Penalty Act of 1996 (AEDPA), Congress established a one-year statute of limitations period for petitioners seeking federal habeas relief

---

[2] Petitioner filed an out-of-time application to transfer to the Supreme Court of Missouri on October 23, 2023, but this was denied.

2

from state court judgments. *Finch v. Miller*, 491 F.3d 424, 426 (8th Cir. 2007). This one-year statute of limitations begins to run on the latest of four alternative dates. *Jihad v. Hvass*, 267 F.3d 803, 804 (8th Cir. 2001). Relevant here is the provision stating that a habeas petitioner has one year from the date his judgment becomes final to file his federal petition for writ of habeas corpus. 28 U.S.C. § 2244(d)(1)(A).

The United States Supreme Court has held that a judgment becomes final under § 2244(d)(1)(A) when the time for seeking review in the state's highest court expires. *Gonzalez v. Thaler*, 565 U.S. 134, 150 (2012). In this case, the Missouri Court of Appeals affirmed petitioner's conviction and sentence on direct appeal on November 21, 2019, and the mandate was issued on December 31, 2019. Even before the mandate issued, however, Petitioner had already filed a motion for postconviction relief pursuant to Missouri Supreme Court Rule 29.15. The filing of a postconviction action further tolled the statute of limitations.

Petitioner's Rule 29.15 motion was denied on July 1, 2022. He filed an appeal, which was dismissed by the Missouri Court of Appeals on September 20, 2023. The mandate was issued on October 6, 2023. Under Missouri state court procedures, post-conviction relief proceedings are not final until the issuance of the mandate. *Payne v. Kemna*, 441 F.3d 570, 572 (8th Cir. 2006) (determining that petitioner's petition, filed exactly one year after the issuance of mandate in his post-conviction case, was timely). Accordingly, Petitioner's statute of limitations began running on October 6, 2023, upon issuance of the mandate.

Petitioner did not file the instant petition until May 13, 2025, 585 days after the mandate was issued. Thus, the instant petition appears to be untimely by approximately 220 days after the expiration of the limitations period. It therefore appears that the petition is time-barred pursuant to 28 U.S.C. § 2244(d)(1).

3

Here, in the section of the petition to discuss any timeliness issues, Petitioner indicates his petition should not be barred by the statute of limitations under 28 U.S.C. § 2244(d)(2). ECF No. 1 at 31. This provision provides that the filing of a postconviction action tolls the statute of limitations. However, this provision has already been accounted for, which is why the statute did not begin to run until after his postconviction action was no longer pending.

### Order to Show Cause

Rule 4 of the Rules Governing § 2254 Cases in the United States District Courts provides that a district court shall summarily dismiss a § 2254 petition if it plainly appears that a petitioner is not entitled to relief. Here, as discussed above, it appears that Petitioner's petition is barred by the statute of limitations. However, before dismissing a habeas action as time-barred, the Court must provide notice to the petitioner. *See Day v. McDonough*, 547 U.S 198, 210 (2006). As a result, the Court will order Petitioner to show cause, in writing and no later than thirty days from the date of this order, why this action should not be dismissed as untimely.

### B.  Motion to Appoint Counsel

Petitioner has filed a motion to appoint counsel. ECF No. 2. There is neither a constitutional nor statutory right for the appointment of counsel in a federal habeas proceeding under 28 U.S.C. § 2254. *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). *See also Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (stating that it has never "been held that there is a constitutional right to counsel in a habeas action"). Rather, the decision to appoint counsel is within the discretion of the district court. *Williams v. State of Missouri*, 640 F.2d 140, 144 (8th Cir. 1981) (explaining that "court is empowered within its discretion to appoint counsel to assist a prisoner in presenting a habeas corpus petition, and failure to appoint one in the circumstances of this case was not an abuse of that discretion").

4

A court may appoint counsel for a self-represented petitioner when "the interests of justice so require." 18 U.S.C. § 3006A(a)(2)(B) (providing that in the "interests of justice," a court may provide representation for any financially eligible person who "is seeking relief under section 2241, 2254, or 2255 of title 28"). "To determine whether appointment of counsel is required for habeas petitioners with nonfrivolous claims, a district court should consider the legal complexity of the case, the factual complexity of the case, the petitioner's ability to investigate and present his claim, and any other relevant factors." *Abdulla v. Norris*, 18 F.3d 571, 573 (8th Cir. 1994).

After reviewing the petition and facts in the present action, the Court will decline to appoint counsel at this time. Petitioner has articulated his arguments in a coherent manner, and at this point in the proceedings, the Court does not believe that appointment of counsel is in the interests of justice. Petitioner may renew his motion for appointment of counsel at a later date if he so chooses.

### C.  Motion to Proceed in Forma Pauperis

Petitioner has filed a motion for leave to proceed *in forma pauperis*. ECF No. 3. Having reviewed the motion and the financial information submitted in support, the Court finds that it should be granted. *See* 28 U.S.C. § 1915(a)(1).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner's motion for leave to proceed *in forma pauperis* [ECF No. 3] is **GRANTED**.

**IT IS FURTHER ORDERED** that Petitioner's motion to appoint counsel [ECF No. 2] is **DENIED**.

**IT IS FURTHER ORDERED** that Petitioner shall show cause in writing within **thirty (30) days** of the date of this order as to why the Court should not dismiss his petition for writ of habeas corpus as time-barred.

**IT IS FURTHER ORDERED** that Petitioner's failure to file a show cause response will result in the denial of the instant habeas corpus petition and the dismissal of this action without further proceedings.

Dated this 19th day of September, 2025.

_____
CRISTIAN M. STEVENS
UNITED STATES DISTRICT JUDGE